UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-80092-CR-SINGHAL/MAYNARD

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

MARTHA JANE SCHOENFELD,

        Defendant.
_____/

**PLEA AGREEMENT**

The United States of America (hereinafter "the United States" or "this Office"), and MARTHA JANE SCHOENFELD (hereinafter referred to as the "defendant"), enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 of the ~~Indictment~~ *Information* [initialed], which charges the defendant with Knowingly and Willfully Making a True Threat to Kill and to Inflict Bodily Harm upon a Former President of the United States, in violation of Title 18, United States Code, Section 879(a)(1). The defendant admits that she is, in fact, guilty of this offense.

2. In return for the defendant's plea of guilty to Count 1 of the Indictment, the government agrees to move to dismiss Count 2 of the Indictment as to the defendant at time of sentencing.

3. The United States further agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the

defendant's offense, pursuant to Section 3E1.1(a) of the United States Sentencing Guidelines (USSG), based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States, however, will not be required to make this motion and recommendation, if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official; or, (4) moves to withdraw her guilty plea after a finding by the Court that such was knowingly and voluntarily made.

4. **NON-BINDING SENTENCING STIPULATION**: The United States, the defendant, and defendant's counsel, hereby stipulate and agree with one another, that although not binding on the Court or United States Probation Office, that:

(a) USSG § 2A6.1 is the advisory Guidelines section applicable to the offense of conviction (18 U.S.C. § 879(a)(1));

2

(b)  Pursuant to USSG § 2A6.1(b)(1), the defendant's base offense level would be a Level 12;

(c)  Based on the readily provable investigative facts known to the government, none of the upward or downward Specific Offense Characteristics set forth in USSG § 2A6.1(b)(1) – (b)(6) are applicable;

(d)  The cross-reference set forth in USSG § 2A6.1(c) is inapplicable;

(e)  Since the offense involved an "Official Victim" as defined under USSG § 3A1.2(a)(1)(B)("a former government officer"); and "the offense of conviction was motivated by such status" per USSG § 3A1.2(a)(2), and that "the applicable Chapter Two guideline [USSG § 2A6.1] is from Chapter Two, Part A (Offenses Against the Person), that pursuant to USSG § 3A1.2(a)-(b), the defendant's advisory guidelines would be "increase[d] by 6 Levels" to a Level 18, Criminal History Category I;

(f)  Assuming the defendant complies with her obligations set forth in Paragraph 3 above, and the Court finds the defendant qualified, the defendant's guidelines would be reduced by three (3) levels for Acceptance of Responsibility pursuant to USSG § 3E1.1(a)-(b), to a Level 15, Criminal History Category I[1] with an advisory guidelines range of 18-24 months' imprisonment; and

(g)  After evaluation of the totality of the circumstances of this case, the defendant's ready acceptance of responsibility and contrition in this matter, the United States, the defendant, and defendant's counsel, hereby stipulate and agree with one another, that although not binding on the Court or United States Probation Office, that

---

[1] The parties note that although the defendant had no prior criminal history, because the bomb threat did involve a situation in which "credible threats of violence" were made in connection with the offense, that the two level downward "Adjustment for Certain Zero-Point Offenders" would be inapplicable pursuant to USSG § 4C1.1(a)(3).

3

they shall jointly recommend the following downward variance sentence to the Court, as a "reasonable" sentence, which is sufficient, but not greater than necessary to achieve the sentencing objectives set forth in Title 18, United States Code, Section 3553(a):

    i.    That in lieu of incarceration, the defendant be sentenced to a term of one (1) year probation;

    ii.    That, assuming the defendant successfully completes the one (1) year term of probation, that this Honorable Court not sentence her to a term of imprisonment;

    iii.    That the defendant agree to and complete a term of fifty (50) hours of community service, at an entity approved by the United States Probation Office.

    5.    The defendant is aware that her sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant acknowledges she has discussed and understands the application of the federal sentencing guidelines with her counsel, to include the application of "relevant conduct" under Section 1B1.3 of the Sentencing Guidelines. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines,

but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw her plea solely as a result of the sentence imposed.

6. The Office of the United States Attorney for the Southern District of Florida and the defendant, reserve the right to make a recommendation as to the quality and quantity of punishment and reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant conduct information concerning the defendant and his background.

7. **MAXIMUM PENALTIES**: The United States and the defendant understand and agree that the Court may impose any sentence authorized by law and that the defendant may not withdraw her plea solely as a result of the sentence imposed. As to Count 1 of the Indictment, to which the defendant is pleading guilty, the defendant understands and acknowledges she faces a maximum term of 10 (ten) years' imprisonment, and a fine of up to two hundred and fifty thousand dollars ($250,000.00), to be followed by a maximum term of up to three (3) years' supervised release. The defendant also understands that the Court may order her to pay restitution. The government notes, however, that after investigative inquiry by the U.S. Secret Service, that due to the circumstances and timing of the threats, that no restitution amount is claimed. The defendant also understands and acknowledges that if she were not a

United States citizen, that her conviction for this offenses could subject her to deportation and removal from the United States.

8. The defendant further understand and acknowledges that, in addition to any sentence imposed under the preceding paragraph of this agreement, a special assessment in the amount of $100.00 will be imposed as to the count of conviction. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. Payment may be either in the form of cashier's check or money order made payable to the Clerk of Court, Southern District of Florida, or in cash. It is the prosecuting AUSA's duty to ensure that the special assessment has been paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant should be required to present evidence to the United States and the Court as to the reasons for his failure to pay.

9. The defendant is aware that her sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged above, that the defendant may not withdraw her plea based upon the Court's decision not to

accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

10. **SENTENCING APPEAL WAIVER**: The defendant is aware that Title 18, United States Code, Section 3742, affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure or variance from the guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that she has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the District Court enter a specific finding that the defendant's waiver of her right to appeal the sentence to be imposed in this case was knowing and voluntary.

11. This Plea Agreement constitutes the entire agreement and understanding between the United States and the defendant concerning this change of plea. There are

no other agreements, promises, representations, or understandings, with respect to the defendant's guilty plea except as set forth herein.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 9/4/2024

By: *[signature]*
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY

Date: 9-4-24

By: *[signature]*
MARK D. McMANN, ESQ.
ATTORNEY FOR DEFENDANT

Date: 9/4/24

By: *[signature]*
MARTHA JANE SCHOENFELD
DEFENDANT